# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JAMES MICHAEL COLEMAN,

    Plaintiff,

vs.

MICHELLE M. WAGNER, *et al.*,

    Defendants.

No. C23-2019-LTS-KEM

**MEMORANDUM OPINION AND ORDER**

---

This matter is before me on plaintiff James Coleman's pro se motion (Doc. 1) to proceed in forma pauperis and pro se 42 U.S.C. § 1983 complaint (Doc. 1-1). He also filed a supplement (Doc. 2) to his complaint. Coleman makes various allegations related to his arrest and prosecution in state court.

## I.    *MOTION TO PROCEED IN FORMA PAUPERIS*

At the time he filed his complaint, Coleman was incarcerated at Black Hawk County Jail in Waterloo, Iowa. However, a review of state court records indicates that he is now incarcerated at Mount Pleasant Correctional Facility in Mount Pleasant, Iowa.[1] Coleman did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional

---

[1] Coleman filed a pro se notice (Doc. 3) of change of address to the Iowa Medical Classification Center on June 26, 2023, but he has not otherwise notified the court of an address change. The Clerk's office is directed to update his address on the docket to Mount Pleasant Correctional Facility.

equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). Coleman has submitted documents (Doc. 1) that substantially comply with the requirements set out above, including filing a prison trust fund account statement. Because it is clear that he does not have the assets necessary to pay the filing fee, his motion to proceed in forma pauperis is granted.

Even when the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Coleman must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that Coleman submitted, I find that the initial partial filing fee is $81.20. *See* Doc. 1 at 3. Coleman shall submit $81.20 by no later than 30 days from the date of this order. If necessary, Coleman may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). After Coleman pays in full the initial partial filing fee discussed above, the remaining installments shall be collected by the institution having custody of him. The Clerk's office shall send a copy of this order and the notice of collection of filing fees to the appropriate official at the place where Coleman is an inmate.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell*

3

*v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III.   INITIAL REVIEW ANALYSIS

**A.**   *§ 1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4

4

(1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *Discussion*

Coleman asserts that his following rights were violated: "Procedural Deficiency, Inadequate Counsel, Misconduct, Fair Trial Right, Right Not to be [E]ntrapped, § 1992 Speedy Tr[ia]l, § 1986 Action for Negle[c]t to P[r]event Conspiracy, § 1981, 229.11 Equal Rights Under the Law, § 1985 Conspiracy to Interfere with Civil Rights." Doc. 1-1 at 3. He asserts that he has been denied due process, entrapped into a "false crime" and falsely imprisoned without explanation. *Id.* at 5. Coleman contends he was set up "at the hands of the Black Hawk County Sheriff's Office in connection with the County Clerk of Courts and many of the Court Judges and Magistrates." *Id.* He lists 24 defendants, including five judges, two county attorneys, two attorneys who represented Coleman, the Clerk of Black Hawk County courts, eleven police officers and three other individuals. *Id.* at 2-3, 12-13.

Coleman attaches several handwritten pages with a narrative describing some of his interactions with police officers and Iowa courts. *Id.* at 14-22; Doc. 2 at 2. For relief, Coleman states "I would first like to be released from custody and all my charges dropped." Doc. 1-1 at 5. He further states: "I also would like all the defendants put under review and [disciplined] for misconduct. . . . I also would like criminal charges brought against those that are involved." *Id.* Finally, he requests to be removed from a registry and awarded $15 million. *Id.*

At the outset, Coleman has failed to provide a statement of facts clearly explaining how each defendant violated his rights and showing he is entitled to relief.

5

A pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). His various allegations against defendants fail to satisfy the requirements of Rule 8(a). The court "will not mine a lengthy complaint, searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404-05 (8th Cir. 2017); *see also Murillo v. Kittelson,* No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) ("While we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own, it is not our job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint."; "the complaint must be sufficiently clear so the court or the opposing party is not required to keep sifting through it in search of what it is the plaintiff asserts")(quotations omitted). A reasonable attempt to review Coleman's filings does not reveal a cognizable claim.

For example, Coleman alleges that the defendants were engaged in a conspiracy that involved entrapment of him on false charges but he fails to allege specific facts demonstrating that conspiracy. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"); *see also Porter v. Corr. Case Manager*, No. 4:20-CV-01034, 2021 WL 243563, at *9 (E.D. Mo. Jan. 25, 2021) (dismissing complaint alleging defendant gave plaintiff false conduct violations because "plaintiff has not provided a single fact to support his proposition that the conduct violations were false. Instead, he presents the falsity as a conclusion, which the Court is not required to accept as true."). Here, Coleman's allegations about a purported unfounded prosecution and conspiracy are merely speculative and conclusory. Even liberally construing the complaint, Coleman has failed to allege specific facts from which a conspiracy can be inferred. *See Gometz v. Culwell*,

6

Case 6:23-cv-02019-LTS-KEM   Document 4   Filed 06/12/25   Page 6 of 13

850 F.2d 461, 464 (8th Cir. 1988) ("A plaintiff must allege with 'sufficient particularity' and demonstrate with 'specific material facts' that the parties reached some agreement and conspired together to deprive plaintiff of a federal right."). Based on his failure to state a claim, this case must be dismissed.

However, even if the complaint had been sufficiently pled, Coleman's claims would also likely be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that a plaintiff cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." *Id.* at 483. The Supreme Court held that a district court must dismiss a § 1983 claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

Coleman's complaint appears to challenge the charges in his state court prosecution as violating his due process and speedy trial rights, and he requests that the charges be dropped. Public records reveal that, subsequent to filing his complaint, a jury found him guilty of possession of contraband in a correctional facility and possession of a controlled substance third offense.[2] *See State v. Coleman*, 01071 FECR 248897 (Black Hawk Cnty., Iowa). On December 4, 2024, the Court of Appeals of Iowa affirmed, rejecting Coleman's argument that insufficient evidence supported his contraband conviction. *See State v. Coleman*, No. 23-0918, 19 N.W.3d 122, 2024 WL 4965860, at *4 (Iowa Ct. App. 2024). The Iowa Supreme Court denied his application for further review on January 27, 2025. In addition, it appears that Coleman filed an application for

---

[2] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

postconviction relief (PCR) on July 30, 2024, which is still pending. *See Coleman v. State*, 01071 PCCV 151429 (Black Hawk Cnty, Iowa).

Coleman's complaint specifically requests that his charges be dropped. Moreover, his claims of due process and speedy trial violations necessarily call into question his conviction. *See, e.g., House v. Campion*, No. CIV 08-2917 RHK/JJK, 2009 WL 1850874, at *7 (D. Minn. June 25, 2009), *aff'd,* 367 F. App'x 726 (8th Cir. 2010) (dismissing speedy trial claim under *Heck* "[b]ecause dismissal would necessarily undermine the conviction"); *Parker v. City of Dubuque*, No. C19-1020-LTS, 2021 WL 3023393, at *4 (N.D. Iowa July 16, 2021) (holding that his allegation that his speedy trial rights were violated was a *Heck*-barred claim). Coleman's claims are thus *Heck* barred.[3]

In addition, any claims related to his state conviction would also likely be precluded by the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (internal citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 283–84 (2005). Unless the related state court decision has been invalidated, the federal court cannot act as "super" appeals court.

> Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties.

*Owens v. Welch*, Civil No. 09-2011, 2009 WL 1203716, at *3 (W.D. Ark. 2009) (unpublished) (citations omitted). The Eighth Circuit has noted that "[a]n important consideration for a court confronted with the issue of whether *Rooker-Feldman* applies

---

[3] The dismissal of state court charges is not a form of relief available via a §1983 case, and if Coleman seeks to challenge his state court confinement in federal court, he must do so within the strict confines of either a 28 U.S.C. § 2241 or 28 U.S.C. § 2254 petition.

is to analyze 'the effect the requested federal relief would have on the state court judgment.' *See Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004)." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 816 (8th Cir. 2019). Here, Coleman seeks the invalidation of his state conviction – relief that is barred by the *Rooker-Feldman* doctrine.

Moreover, Coleman's claims are likely also barred by the *Younger* abstention doctrine. "Under current *Younger v. Harris* doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (internal citations omitted). Here, it appears that a PCR case related to FECR 248897 is still pending in the Iowa courts.

In addition, plaintiff names several immune and improper defendants. *See Gomez v. City of Sioux Falls*, No. 4:22-CV-04147-RAL, 2023 WL 2914810, at *3 (D.S.D. Apr. 12, 2023) (dismissing § 1983 action against state judges and counsel for violation of right to speedy trial). With respect to the Iowa judge defendants, it is well settled that judicial officials are entitled to absolute immunity from suit for the performance of duties that are integral parts of the judicial process as long as the judicial function was granted immunity under common law at the time § 1983 was enacted. *See Briscoe v. LaHue,* 460 U.S. 325, 335 (1983). Judges enjoy absolute judicial immunity, which "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'") (citation omitted); *Peterson v. Spear*, No. 4:19-CV-3213-RLW, 2020 WL 759100, at *2 (E.D. Mo. Feb. 14, 2020) ("Any allegation arising out of [a judge's] handling of plaintiff's criminal case, however, would be judicial in nature and not subject to any exception."). Turning to the county attorney prosecutors, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil

9

suit for damages under § 1983." *Id*. at 431. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Coleman's attorneys are also improper defendants, whether they are public defenders or private attorneys. Section 1983 specifically provides for a federal cause of action against a person who, under color of state law, violates another's federal rights. For purposes of § 1983, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Holbird v. Armstrong-Wright,* 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations"); *and Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("[p]ublic defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). There is no indication that Coleman's allegations relate to actions outside traditional attorney functions. Because the defense attorney defendants were not acting under color of state law, the complaint fails to state a § 1983 claim upon which relief could be granted against them. Similarly, there is no indication that landlord Riely and Tina Marie Gerdes are state actors.[4]

---

[4] The complaint's vague and general allegations of a conspiracy are insufficient. *See Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (noting that "[c]omplaints will be sustained against private persons who conspire with immune public officials if the allegations of conspiracy are sufficiently specific."); *Brancato v. Heimos*, 469 F. App'x 482 (8th Cir. 2012) (plaintiff "did

For all of these reasons, Coleman's complaint is **dismissed**.

## IV. CONCLUSION

For the reasons set forth herein:

1. Coleman's motion (Doc. 1) to proceed in forma pauperis is **granted**.
2. The Clerk's office shall docket the complaint (Docs. 1-1, 2) without the prepayment of fees.
3. Coleman is ordered to submit an initial partial filing fee of $81.20 by no later than 30 days from the date of this order. If necessary, he may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff must pay and the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in § 1915(b)(2). Until the $350.00 filing fee is paid in full, Coleman must pay and the institution having custody of him must forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.
4. The Clerk's office is directed to send a copy of this order and the notice of collection of the filing fees to the appropriate official at the place where Coleman is an inmate.
5. After an initial review, Coleman's complaint is dismissed because it fails

---

not sufficiently allege that the private-actor defendants reached a meeting of the minds with any state actor, and therefore he failed to state a conspiracy claim under section 1983."); *Murray v. Lene,* 595 F.3d 868, 870 (8th Cir. 2010) (to allege state action in § 1983 against private actors complaint must allege specific facts showing—either directly or indirectly-a meeting of the minds between state actor and private actors).

to state a claim upon which relief may be granted. His claims are **denied** and the case is **dismissed**.

6. This dismissal could count as a strike under 28 U.S.C. § 1915(g). *See Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022) (noting that although a district court cannot prospectively find that a plaintiff has accrued one or more strikes under Section 1915(g) the court may alert the plaintiff about potential consequences of future litigation).[5]

**IT IS SO ORDERED** this 12th day of June, 2025.

_____
Leonard T. Strand
United States District Judge

---

[5] Although I have observed that Coleman's claims are likely barred by *Heck*, *Rooker-Feldman* or *Younger*, this case is dismissed based on Coleman's failure to state a claim upon which relief may be granted. Thus, this dismissal could count as a strike under § 1915(g).

TO: **WARDEN/ADMINISTRATOR**
**Mount Pleasant Correctional Facility, Mount Pleasant, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that James Michael Coleman, No. 6672512, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Coleman v. Michelle M. Wagner, et al.,* Case No. C23-2019-LTS. The inmate was granted in forma pauperis status under Title 28, United States Code, Section 1915(b), which requires partial payments of the $350.00 filing fees. Based on the inmate's statements, the court has assessed an initial partial filing fee of $81.20, which the inmate must pay now to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the inmate pays the initial partial filing fee of $81.20, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the above-named inmate shall collect and remit the filing fees as set forth above.

s/ *jlh* Deputy Clerk
Paul De Young
U.S. District Court Clerk
Northern District of Iowa